FILED - USDC -NH
2021 JAN 5 PM 4:13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **No. 1:19-cr-224-01-JD** |
| | ) | |
| **ALEXANDER ARSENAULT** | ) | |

---

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America by its attorney, Scott W. Murray, United States Attorney for the District of

New Hampshire, and the defendant, Alexander Arsenault, and the defendant's attorney, Behzad

Mirhashem, Esquire, enter into the following Plea Agreement:

1. <u>The Plea and The Offense</u>.

The defendant agrees to plead guilty to Count One of the Indictment that charges him

with possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement.

2. <u>The Statute and Elements of the Offense</u>.

Title 26, United States Code, Section 5861(d) provides, in pertinent part:

It shall be unlawful for any person—

(d) to receive or possess a firearm which is not registered to him in the National
Firearms Registration and Transfer Record.

The term "firearm" includes a destructive device, which is defined to include:

> any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having
> a propellant charge of more than four ounces, (D) missile having an explosive or
> incendiary charge of more than one-quarter ounce, (E) more, or (F) similar device.

- 1 -

26 U.S.C. § 5845(a)(8), (f)(1).

The defendant understands that the offense has the following elements, each of which the United States would be required to prove beyond a reasonable doubt at trial:

First, the defendant knew that he possessed the firearm described in the indictment;

Second, the firearm was an explosive bomb;

Third, the firearm described in Count One of the indictment was capable of operating as it was designed or could readily be put in operating condition;

Fourth, the defendant knew of the characteristics of the firearm as described in the indictment, that it was an explosive bomb; and

Fifth: the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record.

O'Malley, et al., Federal Jury Practice and Instructions, 2A Fed. Jury Prac. & Instr. § 39:24 (6th ed.).

   3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

On December 1, 2018, a device exploded in an empty Jeep Grand Cherokee parked outside of a home in Greenfield, New Hampshire. The device damaged the right front passenger door on the interior, and the window glass had blown out. The windshield was cracked and displaced along with parts of the dashboard. The moon roof glass had broken and the rear window had also shattered. Law enforcement who reported to the scene also recovered a match near the driveway of the home.

Investigators seized items believed to be from the device that damaged the vehicle, including gray powder, matches, paper and tape, and submitted those items to the FBI laboratory for testing. The expert concluded that the gray powder is a low explosive mixture containing the oxidizer potassium perchlorate and the fuel aluminum, and is a mixture commonly referred to as flash powder. The examiner also concluded that the specimens are the fragmented remains of one Improvised Explosive Device (IED) also known as a destructive device or homemade bomb. The examiner concluded that the device consisted of a low explosive main charge, a container (constructed of paper and tape) and a non-electrical fusing system.

The investigation revealed that the defendant was neighbors with the owners of the damaged Jeep and had disputes with them in the past regarding noise. The investigation also revealed that the defendant had previously ordered potassium perchlorate on multiple occasions, and has also purchased items that appear to be consistent with items found in and around the vehicle, including 3M Micropore Surgical Tape, Touch Duct Tape, and Diamond Strike On box matches.   A search of the defendant's home yielded a typed document about how to answer law enforcement questions regarding the destruction to the vehicle.

A record search with the Bureau of Alcohol, Tobacco, Firearms and Explosives National Firearm Registration and Transfer Record revealed that the defendant has never registered a firearm as required under the National Firearms Act

4.   Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.      A maximum prison term of 10 years (18 U.S.C. § 5871);

B.      A maximum fine of $250,000 (18 U.S.C. § 3571);

- 3 -

C.     A term of supervised release of not more than 3 years ([18 U.S.C. § 3583). The defendant understands that the defendant's failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring the defendant to serve in prison all or part of the term of supervised release, with no credit for time already spent on supervised release; and

D.     A mandatory special assessment of $100, $100 for each count of conviction, at or before the time of sentencing (18 U.S.C. § 3013(a)(2)(A));

In addition to the other penalties provided by law, the Court may order him to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or § 3663A).

5.     <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. The defendant further understands that he has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or his sentence is other than he anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.     Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.     Respond to questions from the Court;

C.     Correct any inaccuracies in the pre-sentence report;

D.     Respond to any statements made by him or his counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable

- 4 -

sentencing range under the advisory Sentencing Guidelines that he may have received from any

source is only a prediction and not a promise as to the actual sentencing range under the advisory

Sentencing Guidelines that the Court will adopt.

    6. Sentencing Stipulations and Agreements.

    Pursuant to Fed. R. Crim. 11(c)(1)(B), the United States and the defendant stipulate and

agree to the following:

        (a)    The parties will recommend that the defendant be sentenced to a term of

                four years of probation;

        (b)    The parties will recommend that the conditions of probation include that

                the defendant participate in mental health treatment and any mental health

                program or programs as directed by the supervising officer, that the

                defendant have no contact with the owners of the Jeep and their family,

                that the defendant may not reside at the Greenfield residence, and that the

                defendant is prohibited from being present at the Greenfield residence

                unless his presence was preapproved by the supervising officer and he is

                accompanied by his mother, step-father, or another person preapproved by

                the supervising officer; and

        (b)    The defendant agrees to pay restitution in the amount of $4,547.00. The

                defendant also agrees that any restitution ordered by the court shall be due

                and payable immediately after the judgment is entered and is subject to

                immediate enforcement, in full, by the United States. If the Court imposes

                a schedule of payments, the defendant agrees that the schedule of

- 5 -

payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant understands that the Court is not bound by the foregoing agreements and, with the aid of a pre-sentence report, the court will determine the facts relevant to sentencing. The defendant also understands that if the Court does not accept any or all of those agreements, such rejection by the Court will not be a basis for the defendant to withdraw his guilty plea.

The defendant understands and agrees that the United States may argue that other sentencing enhancements should be applied in determining the advisory guideline range in this case, and he is permitted to object to them.

The United States and the defendant are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

7.  Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

A.    Fails to admit a complete factual basis for the plea at the time he is sentenced or at any other time;

- 6 -

B.      Challenges the United States' offer of proof at any time after the plea is
        entered;

C.      Denies involvement in the offense;

D.      Gives conflicting statements about that involvement or is untruthful with
        the Court, the United States or the Probation Office;

E.      Fails to give complete and accurate information about his financial status
        to the Probation Office;

F.      Obstructs or attempts to obstruct justice, prior to sentencing;

G.      Has engaged in conduct prior to signing this Plea Agreement which
        reasonably could be viewed as obstruction or an attempt to obstruct
        justice, and has failed to fully disclose such conduct to the United States
        prior to signing this Plea Agreement;

H.      Fails to appear in court as required;

I.      After signing this Plea Agreement, engages in additional criminal conduct;
        or

J.      Attempts to withdraw his guilty plea.

The defendant understands and agrees that he may not withdraw his guilty plea if, for any

of the reasons listed above, the United States does not recommend that he receive a reduction in

his sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the

offense level if it finds that he has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and he has assisted the United States

in the investigation or prosecution of his own misconduct by timely notifying the United States

of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing

for trial and permitting the United States and the Court to allocate their resources efficiently, the

- 7 -

United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8.   Waiver of Trial Rights and Consequences of Plea.

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.   The defendant also understands that he has the right:

A.   To plead not guilty or to maintain that plea if it has already been made;

B.   To be tried by a jury and, at that trial, to the assistance of counsel;

C.   To confront and cross-examine witnesses;

D.   Not to be compelled to provide testimony that may incriminate him; and

E.   To compulsory process for the attendance of witnesses to testify in his defense.

The defendant understands and agrees that by pleading guilty he waives and gives up the foregoing rights and that upon the Court's acceptance of the his guilty plea, he will not be entitled to a trial.

The defendant understands that if he pleads guilty, the Court may ask him questions about the offense, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers will be used against him in a prosecution for perjury or making false statements.

9.   Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that he:

A.   Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because he is guilty;

- 8 -

B.     Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.     Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.     Understands the nature of the offense to which he is pleading guilty, including the penalties provided by law; and

E.     Is completely satisfied with the representation and advice received from his undersigned attorney.

10.   Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to him about any civil or administrative consequences that may result from his guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.   Collateral Consequences.

The defendant understands that as a consequence of his guilty plea he will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible. The defendant also understands that if he is a naturalized citizen, his guilty plea may result in ending

- 9 -

his naturalization, which would likely subject him to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

12.   Satisfaction of Federal Criminal Liability; Breach.

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability in the District of New Hampshire arising from his participation in the conduct that forms the basis of the indictment [or information] in this case. The defendant understands that if, before sentencing, he violates any term or condition of this Plea Agreement, engages in any criminal activity, or fails to appear for sentencing, the United States may consider such conduct to be a breach of the Plea Agreement and may withdraw therefrom.

13.   Waivers.

A.   Appeal.

The defendant understands that he has the right to challenge his guilty plea and/or sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and voluntarily waives his right to challenge on direct appeal:

- 10 -

1.      His guilty plea and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.      The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his rights does not operate to waive an appeal based upon new legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.   Collateral Review

The defendant understands that he may have the right to challenge his guilty plea and/or sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.   By entering into this Plea Agreement, the defendant knowingly and voluntarily waives his right to collaterally challenge:

1.      His guilty plea, except as provided below, and any other aspect of his conviction, including, but not limited to, adverse rulings on pretrial suppression motion(s) or any other adverse disposition of pretrial motions or issues, or claims challenging the constitutionality of the statute of conviction; and

2.      The sentence imposed by the Court if it is within, or lower than, the guideline range determined by the Court, or if it is imposed pursuant to a minimum mandatory sentence.

The defendant's waiver of his right to collateral review does not operate to waive a collateral challenge to his guilty plea on the ground that it was involuntary or unknowing, or on the ground of ineffective assistance of counsel. The defendant's waiver of his right to collateral review also does not operate to waive a collateral challenge based on new legal principles enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea

- 11 -

Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14.   No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.   Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.  <u>Agreement Provisions Not Severable.</u>

The United States and the defendant understand and agree that if any provision of this Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and void and no part of it may be enforced.

SCOTT W. MURRAY
United States Attorney

Date: _1/5/2021_        By:_____ /FOR
                           Anna Z. Krasinski
                           Assistant United States Attorney
                           Bar Association (WV) #12762
                           53 Pleasant St., 4th Floor
                           Concord, NH 03301
                           anna.krasinski@usdoj.gov

The defendant, Alexander Arsenault, certifies that he has read this 13-page Plea Agreement and that he fully understands and accepts its terms.

Date: _12/26/20_        _Alexander Arsenault_
                           Alexander Arsenault, Defendant

I have read and explained this 13-page Plea Agreement to the defendant, and he has advised me that he understands and accepts its terms.

Date: _12/30/20_        _Behzad Mirhashem_
                           Behzad Mirhashem, Esquire
                           Attorney for Alexander Arsenault

- 13 -